Michael A. Caddell (State Bar No. 249469)
mac@caddellchapman.com
Cynthia B. Chapman (State Bar No. 164471)
cbc@caddellchapman.com
Cory S. Fein (State Bar No. 250758)
csf@caddellchapman.com
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston, TX 77010-3027
Telephone:  (713) 751-0400
Facsimile:  (713) 751-0906

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIE ZAKSKORN, JESSICA MELGOZA, and RACHELLE SCHREIBER, on behalf of themselves and all others similarly situated, | Case Number: **CLASS ACTION COMPLAINT** |
| Plaintiffs, | **(1)   Violations of California Consumer Legal Remedies Act** |
| v. | |
| AMERICAN HONDA MOTOR CO., INC., HONDA NORTH AMERICA, INC., and HONDA MOTOR COMPANY, LTD.; | **(2)   Violations of Unfair Business Practices Act** |
| Defendants. | **(3)   Breach of Implied Warranty pursuant to Song-Beverly Consumer Warranty Act** |
| | **(4)   Breach of Written Warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*** |
| | **(5)   Breach of Express Warranty under CAL. COM. CODE § 2313** |

1    Plaintiffs Stacie Zakskorn, Jessica Melgoza and Rachelle Schreiber
2    (collectively "Plaintiffs') bring this action, on behalf of themselves and all others
3    similarly situated, against Defendants American Honda Motor Co., Inc. ("Honda
4    U.S.A."), Honda North America, Inc. ("Honda North America"), and Honda Motor
5    Company, Ltd. ("Honda Japan") (collectively "Honda" or "Defendants"), and
6    allege as follows:

7    ## NATURE OF THE CASE

8        1.    The braking system installed in the 2008, 2009 and 2010 Model Year
9    Honda Civic vehicles ("Class Vehicles") suffers from one or more design and/or
10   manufacturing defects that causes the Class Vehicles' front brake pads to wear out
11   prematurely, and require replacement approximately every 7,500 to 15,000 miles,
12   far more frequently than in a properly functioning braking system ("Brake Defect").
13   Although defects in material, manufacturing and workmanship are covered by
14   Honda's New Vehicle Limited Warranty, Honda has failed to repair the Brake
15   Defect under warranty.

16       2.    Honda knows of the Brake Defect and knows that consumers do not
17   anticipate having to inspect or replace the Class Vehicles' front brake pads every
18   7,500 to 15,000 miles.  Nevertheless, Honda has not informed current owners and
19   lessees of Class Vehicles about the Brake Defect, has not disclosed the Brake
20   Defect to purchasers and lessors of Class Vehicles, and continues to promote the
21   braking system on the Class Vehicles.

22       3.    The Class Vehicles present a safety hazard and are unreasonably
23   dangerous to consumers.   The braking system is one of the most important
24   mechanical components for vehicle control and safe driving.  A defective braking
25   system can have serious consequences on handling, braking, and the stability of the
26   Class Vehicles while in operation, thereby contributing to car accidents, which can
27   cause personal injury or death.

28

Case No.                              Page 2
**CLASS ACTION COMPLAINT**

4.　In addition to these safety hazards, the cost to repair the Brake Defect can be exorbitant because consumers will be required to pay hundreds, if not thousands, of dollars to prematurely replace the brake pads, rotors, calipers and other brake related components as a result of the Brake Defect. Indeed, as a result of the Brake Defect, the front brake pads must frequently be replaced prematurely, in many cases after less than 15,000 miles.

5.　Plaintiffs are informed and believe, and based thereon allege, that Honda knew or should have known that the Class Vehicles and their braking systems are defective and not fit for their intended purpose of providing consumers with safe and reliable transportation. Nevertheless, Honda has actively concealed and failed to disclose this defect to Plaintiffs and the Class Members at the time of purchase or lease and thereafter.

6.　Honda knew and concealed the Brake Defect that is contained in every Class Vehicle, along with the attendant dangerous safety problems and associated repair costs, from Plaintiffs and Class Members both at the time of sale and repair and thereafter. Had Plaintiffs and the Class Members known about these defects at the time of sale or lease, Plaintiffs and the Class Members would not have purchased the Class Vehicles or would have paid less for them.

7.　As a result of Honda's practices, Plaintiffs and the other members of the proposed Class, have suffered injury in fact, including economic damages, and have lost money or property. Plaintiffs Stacie Zakskorn, Jessica Melgoza, and Rachelle Schreiber, bring a claim for violation of the Consumers Legal Remedies Act (CLRA), CAL. CIV. CODE § 1750 *et seq.* Plaintiffs also bring claims for violations of the Unfair Competition Law (UCL), CAL. BUS. & PROF. CODE § 17200 *et seq.*, violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, for breach of express warranty, and for breach of implied warranty pursuant to the

Song-Beverly Consumer Warranty Act, CAL. CIV. CODE §§ 1792 and 1791,1, *et seq.*

### PARTIES

8.    Plaintiff Stacie Zakskorn is a citizen and resident of El Dorado Hills, California, located in the County of El Dorado.

9.    Plaintiff Jessica Melgoza is a citizen and resident of Oxnard, California, located in the County of Ventura.

10.    Plaintiff Rachelle Schreiber is a citizen and resident of West Covina, California, located in the County of Los Angeles.

11.    Defendant, American Honda Motor Co., Inc. ("AHM") is a corporation organized under the laws of the State of California and has its principal place of business at 1919 Torrance Boulevard, Torrance, California 90501-2746. AHM is the U.S. sales, marketing, and distribution subsidiary of its Japanese parent company, Honda Motor Co., Ltd. ("HMC").  AHM is responsible for importing, marketing, advertising, distributing, selling, leasing, warranting and servicing Honda vehicles in the United States.

12.    Defendant Honda North America, Inc. has its principal place of business at 700 Van Ness Avenue, Torrance, California 90501-1486.

13.    Defendant Honda Motor Company, Ltd., 1-1, 2-chome, Minami-Aoyama, Minato-ku, Tokyo 107-8556, Japan, is an automobile design, manufacturing, sale, leasing, distribution, and servicing corporation organized under the laws of Japan. Honda Motor Company, Ltd. is the parent and owns 100% of American Honda Motor Company, Inc. These defendants design, manufacture, distribute, market, service, repair, sell, and lease passenger vehicles, including the Class Vehicles, throughout the United States.

## JURISDICTION AND VENUE

14.    This is a class action and the Defendants are collectively referred to as ("Honda").

15.    This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The aggregated claims of the individual Class members exceeds the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and  Honda, on the other, are citizens of different states.

16.    This Court has jurisdiction over Defendants because Honda maintains its principal headquarters in California, is registered to conduct business in California, and has sufficient minimum contacts in California.   Defendants intentionally avail themselves of the California consumer market through the promotion, sale, marketing, and distribution of its vehicles to California residents. As a result, jurisdiction in this court is proper and necessary. Moreover, Defendants' wrongful conduct, as described herein, emanates from California and foreseeably affects consumers in California and nationwide. Most, if not all, of the events complained of below occurred in or emanated from Honda U.S.A.'s corporate headquarters located in Torrance, California.   Plaintiffs' counsel's Declaration, as required under California Civil Code section 1780(d), is attached as Exhibit 1.

17.    Venue is proper in this District under 28 U.S.C. § 1391 (a)-(c) because, inter alia, substantial parts of the events or omissions giving rise to the claim occurred, or a substantial part of properly that is the subject of the action is situated.

## SUBSTANTIVE ALLEGATIONS

18.    For years, Honda has designed, manufactured, distributed, sold, and leased the Class Vehicles.  Upon information and belief, it has sold, directly or

1  indirectly through dealers and other retail outlets, tens of thousands of Class

2  Vehicles in California and nationwide.

3       19.    The Class Vehicles come equipped with a braking system, which

4  consists of braking components (rotors, calipers, master cylinder, and brake pads),

5  an Electronic Brake Distribution system, a Vehicle Stability Assist system, a Brake

6  Assist system, and an anti-lock braking system (collectively, the Class Vehicles'

7  "Braking System").

8       20.    Honda widely advertises the Class Vehicles' Braking System.  For

9  example, on September 14, 2007, Honda touted, "Every 2008 Honda Civic

10 integrates a wide array of standard safety technologies.  Standard active safety

11 features include an anti-lock brake system (ABS) with brake assist and electronic

12 brake distribution."

13      21.    Honda provides owners and lessees of Class Vehicles with a New

14 Vehicle Limited ("NVL") Warranty.  The NVL Warranty states that AHM will

15 repair or replace, free of charge, any part that is defective in material or

16 workmanship under normal use for 3 years or 36,000 miles, whichever comes first.

17      22.    The defect in the Class Vehicles' Braking System causes the front

18 brakes to wear out prematurely, and require replacement approximately every 7,500

19 to 15,000 miles.  In properly functioning braking systems, front brake pads

20 typically last for 30,000 miles or more.

21      23.    Because the Brake Defect is caused by defects in material and/or

22 workmanship, AHM is obligated to cover repairs to the Braking System during the

23 NVL warranty period.  AHM, however, refuses to repair consumers' vehicles under

24 the NVL Warranty, refuses to replace the parts free of charge, and refuses to

25 publically acknowledge that the Brake Defect exists.  Honda's refusal to honor the

26 warranty harms the Plaintiffs and Class members by forcing them to incur out-of-

27

28

1    pocket costs on covered repairs and by forcing them to spend excessive time

2    replacing parts repeatedly damaged by the Brake Defect.

3        24.    Numerous consumer complaints concerning the Braking System in

4    Class Vehicles have been lodged with the National Highway Traffic Safety

5    Administration (NHTSA). These complaints reflect the abnormally premature

6    failure of the brake pads, the repeated, unexpected repair costs, and Honda's refusal

7    to honor its warranty or to take responsibility for the Brake Defect. The complaints

8    also demonstrate Honda's awareness of the defect and how potentially dangerous

9    the defective condition is (note that spelling and grammar mistakes remain as found

10   in the original):

- [2010 Honda Civic] WITH LESS THAN 12,000 MILES ON MY CAR, MY BRAKE PADS NEED TO BE REPLACED. I WOULD HAVE NEVER EXPECTED MY CAR TO NEED NEW BRAKES THIS EARLY, SO I ALMOST DIDN'T TAKE MY CAR IN WHEN IT WAS MAKING A NOISE. I INPECTED MY CAR TO SEE IF SOMETHINGW AS STUCK IN THE TIRES OR SOMETHING LIKE THAT AND AM SHOCKED TO FIND OUT MY BRAKES ARE ALREADY WORN. AFTER MUCH RESEARCH ONLINE, I SEE THAT THIS IS A COMMON ISSUE FOR HONDAS.

- MY 2009 HONDA CIVIC LX NEEDED TO HAVE THE FRONT BRAKE PADS REPLACED (WORN TO MINIMUM) AT 11K MILES AND NOW AGAIN AT 23K. NORMAL USAGE, PREVIOUS 5 VEHICLES SERVICED AT ~50K MILES UNDER SAME CONDITIONS. APPEARS TO BE DEFECT IN BRAKE PAD LIFE TIME. *

- 2008 HONDA CIVIC'S HAVE A BRAKE SYSTEM PROBLEM. I HAD TO REPLACE MY BRAKES ALL AROUND AT 12.935 MILES, THE FRONT BRAKES HAD TO BE REPLACED AGAIN AT 22,885, AND THEN ALL AROUND AGAIN AT 37,417. I PLACED A COMPLAINT WITH HONDA AMERICA, THEY ARE UNWILLING TO ADMIT THAT THERE IS A BRAKE SYSTEM PROBLEM. I WAS TOLD IT IS HOW I DRIVE THE CAR. THERE HASN'T BEEN A FAILURE YET, I AM TRYING TO AVOID A FAILURE AND WOULD LIKE TO HAVE THIS ISSUE CHECKED.

- 2008 HONDA CIVIC VIN#[XXX] ON JUNE 5, 2009, I PURCHASED A 2008 HONDA CIVIC FROM WHITE PLAINS HONDA LOCATED IN WHITE PLAINS, NY FOR MY 21 – YEAR OLD SON. THE PURPOSE OF THIS LETTER IS REGARDING THE ONGOING BRAKE PROBLEM HE IS EXPERIENCING. ON OCTOBER 1, 2009 (WITH ONLY 17,223 MILES ON THE CAR), MY SON'S CAR WAS SERVICED AT WHITE PLAINS HONDA

BECAUSE OF A GRINDING NOISE HE WAS EXPERIENCING EVERY TIME HE WOULD STEP ON THE BRAKE. WHITE PLAINS HONDA ADVISED MY SON THAT HE NEEDED FRONT BRAKE PADS AND ROTORS. MY MECHANIC ADVISED ME THAT BRAKES SHOULD LAST AT LEAST 30,000 MILES. ON THE SAME DAY, MY MECHANIC REPLACED 1 SET OF FRONT DISC BRAKES AND 2 BRAKE ROTORS. ON MARCH 26, 2010, MY SON'S CAR AGAIN NEEDED BRAKE REPAIR. AT THE TIME OF SERVICE, THER WERE 31,425 MILES ON THE CAR WHICH MEANT HE ADDED AN ADDITIONAL 14,202 MILES ON THE CAR SINCE HIS LAST REPAIR. AGAIN, I HAVE CLARIFIED FROM A FEW MECHANICS THAT BRAKES SHOULD LAST AT LEAST 30,000 MILES. MY MECHANIC ME THAT THERE HAVE BEEN AT LEAST 4 HONDA CIVICS HE HAS SERVICED IN HIS SHIP WITH THE SAME BRAKE PROBLEMS. HE CAN'T FIGURE OUT WHY THERE IS A CONTINUOS PROBLEM WITH THE BRAKE WEARING OUT ON THE DRIVER'S SIDE. I HAVE COPIES OF ALL THE REPAIR RECEIPTS. I BOUGHT A HONDA BECAUSE I THOUGHT I WAS PURCHASING A REPUTABLE CAR FOR MY SON. IN THIS ECONOMY, WHO CAN AFFORD TO REPLACE BRAKES EVERY 14,000 MILES? INFORMATION REDACTED PURSUANT TO THE FREEDOM OF INFORMATION ACT (FOIA) 5 U.S.C. 552(B)(6).  *TR

- TL* THE CONTACT OWNS A 2008 HONDA CIVIC. THE CONTACT STATED THAT THE VEHICLE WAS MAKING AN UNUSUALLY GRINDING NOISE. THE DEALER INFORMED HER THAT THE BRAKE PADS WERE CRYSTALLIZED. THE DEALER LUBRICATED THE BRAKE PADS AND ADVISED THE CONTACT THAT THE FAILURE WOULD NOT RECUR. HOWEVER, THE FAILURE RECURRED WITHIN TWO DAYS. THE CONTACT CONFIRMED THAT THE FRONT BRAKE PADS ON HER VEHICLE HAD BEEN REPLACED THREE TIMES IN TWO YEARS. THERE WERE NO ADDITIONAL REPAIRS MADE TO THE VEHICLE. THE FAILURE MILEAGE WAS APPROXIMATELY 10,258 AND CURRENT MILEAGE WAS 23,000.

- A RUBBING, GRINDING, METAL ON METAL NOISE FROM THE FRONT BRAKES AFTER A LITTLE OVER 19,916 MILES. I HAD THE DEALERSHIP PERFORM AN INSPECTION OF THE BRAKE SYSTEM AND WAS TOLD THAT IT WAS NOT UNDER WARRANTY. THE PADS HAVE WORN DOWN TO THE POINT WHERE METAL-TO-METAL CONTACT IS OCCURRING, MY VEHICLE MAY NOT BE ABLE TO STOP SAFELY, AND DAMAGE MAY OCCUR WHERE THE BRAKE ROTORS OR DRUMS NEED TO BE REPLACED

- MY 2008 HONDA CIVIC LX SEDAN IS IN THE DEALER AGAIN FOR BRAKES. THE FRONT BRAKES WERE REPLACED AT 18,000 MILES IN MAY OF 2009 AND NOW AT 31,000 IT NEEDS THEM AGAIN. ROTORS HAVE TO BE TURNED AGAIN AND BRAKE PADS REPLACED AGAIN. OUR DRIVING IS MOSTLY HIGHWAY AND WE DON'T ABUSE OUR CAR. BRAKES ARE

UNDERSIZED FOR VEHICLE.  HONDA AGREED AND FIXED THE FIRST TIME, NOW ARE SAYING IT IS NOT THERE PROBLEM.  I HAVE OWNED 2 OTHER HONDA VEHICLES AND NEVER PUT BRAKES ON EITHER ONE OF THEM.  DEALER SAID THIS A TYPICAL WEAR AND TEAR FOR VEHICLE MODEL.  *TR

- 2008 HONDA CIVIC BRAKES WEARING OUT AFTER ONLY 16,000 MILES OF USE.  HONDA MOTORS STATES THAT THERE IS NOTHING WRONG WITH THE BRAKES BUT WE WILL NEED TO BRING THE CIVIC IN FOR BRAKE REPLACEMENT EVERY 15 – 17,000 MILES OR EVERY 18 MONTHS.  *TR

- FRONT BRAKES WERE WORN DOWN OVER A VERY SHORT DURATION.  THE CAR DID NOT HAVE MANY MILES ON IT, NOR HAD THE CAR BEEN DRIVEN ERRATICALLY, BUT THE BRAKES NEEDED TO BE REPLACED.

- HONDA CIVIL LX – 17,000 MILES.  NOISE FROM FRONT WHEN BRAKING.  DEALERSHIP SAID THAT FRONT BRAKES HAD TO BE COMPLETELY REPLACED (PADS AND ROTORS).  REFUSED TO COVER UNDER WARRANTY CLAIMING THAT THIS WAS NORMAL WEAR.  COMPLAINED TO AMERICAN HONDA AND WAS TOLD THAT THIS NOT UNDER WARRANTY AND CLEARLY DUE TO WEAR.  THEY REFUSED TO COMMENT WHEN I ASKED HOW 17,000 MILES FOR NEW FRONT BRAKES COULD POSSIBLY BE CONSIDERED WEAR.  MILES ARE ALL HIGHWAY DRIVEN.  *TR

- I BOUGHT MY 2008 HONDA CIVIC LX IN JUNE 2008.  AT 15,000 MILES I HAD A BUNCH OF BRAKE PROBLEMS (LOUD NOISES, DIFFICULTY STOPPING).  I BOUGHT THE CAR INTO THE DEALERSHIP WHERE I BOUGHT IT AND WAS TOLD I HAD "CONTAMINATED" BRAKE PADS.  THEY REPLACED THEM FOR FREE.  SIX MONTHS LATER, I WAS HAVING THE SAME PROBLEM.  TOOK IT IN AGAIN TO THE DEALER AND THEY SAID NOTHING WAS WRONG.  I HAVE CONTINUED TO FEEL UNEASY ABOUT MY BRAKES AS THEY DON'T STOP LIKE THE THREE OTHER CARS I HAVE HAD.  NOW, AT 41K SCREECHING NOISES HAVE STARTED AGAIN.  THEY STARTED ON A FRIDAY AND I TOOK THE CAR TO THE SAME DEALERSHIP MONDAY MORNING.  THEY TOLD ME I HAVE BARELY ANY BRAKE PADS LEFT AND IT MUST BE DUE TO MY DRIVING.  (INCORRECT AS I MAINLY DRIVING AND NOW HAVE A 7 MINUTE COMMUTE TO WORK).  THE DEALERSHIP WAS ABSOLUTELY HORRIBLE, CLAIMING IT IS MY ISSUE AND THEY ARE NOT RESPONSIBLE.  *TR

- [2010 Honda Civic] PREMATURE BRAKE SYSTEM WEAR AFTER ONLY 15,000 MI OF CONSERVATIVE CITY DRIVING IN THE SPAN OF 12 MONTHS.

- [2010 Honda Civic] WITH LESS THAN 12,000 MILES ON MY CAR, MY BRAKE PADS NEED TO BE REPLACED. I WOULD

HAVE NEVER EXPECTED MY CAR TO NEED NEW BRAKES THIS EARLY, SO I ALMOST DIDN'T TAKE MY CAR IN WHEN IT WAS MAKING A NOISE. I INPECTED MY CAR TO SEE IF SOMETHINGW AS STUCK IN THE TIRES OR SOMETHING LIKE THAT AND AM SHOCKED TO FIND OUT MY BRAKES ARE ALREADY WORN. AFTER MUCH RESEARCH ONLINE, I SEE THAT THIS IS A COMMON ISSUE FOR HONDAS.

- I PURCHASED MY 2008 HONDA CIVIC LX BRAND NEW, AND LESS THEN 6 MONTHS LATER, MY FRONT BRAKE PADS WORE OUT AND HONDA GAVE ME A ONE TIME COURTESY REPLACEMENT. 6 MONTHS AFTER THAT, THEY WERE METAL TO METAL AGAIN. I AM NOW SCHEDULED TO BRING MY CAR INTO HONDA ON THURSDAY, BECAUSE THE FRONT PADS ARE GRINDING METAL TO METAL, AND THIS WILL BE THE FIFTH TIME THAT THE FRONT BRAKE PADS WILL HAVE BEEN REPLACED ON A CAR THAT IS 2.5 YEARS OLD. THE LAST TIME THE PADS WERE REPLACED (AT MIDAS) WAS 3 MONTHS AGO, AND AT THAT TIME, THEY TOLD ME THAT THE ROTORS WERE SHOT AND IT WOULD COST ME $300 TO REPLACE THEM. I TOLD THEM NO WAY, AND TOOK IT TO HONDA, AND THEY REPLACED THE ROTORS FREE OF CHARGE, SINCE I WAS WITHIN WARRANTY. BUT NONETHELESS, 3 MONTHS AGO I HAD NEW FRONT ROTORS AND NEW FRONT PADS AND NOW THEY ARE AGAIN GRINDING METAL TO METAL.

- WHY HASN'T HONDA RECALLED THEIR CIVICS? I HAVE HEARD THAT, IN REDESIGNING THE CIVIC, THAT HONDA MADE THE BRAKE DISCS BIGGER, BUT NEGLECTED TO PUT ON BIGGER PADS TO COMPENSATE. THE RESULT, BRAKE PADS THAT GRIND DOWN TO NOTHING IN 3 MONTHS. I MET A GUY WITH THE SAME YEAR CIVIC THE OTHER DAY AND THE FIRST QUESTION HE ASKED ME WAS "DO YOU HAVE ANY BRAKE PROBLEMS?"

- AT ABOUT 10,000 MILES MY 2008 HONDA CIVIC DEVELOPED DEAFENING SCREECHING FROM THE FRONT BRAKES. IT WOULD COME AND GO AT FIRST AND THEN DIDN'T STOP AT ALL. MADE APPT WITH HONDA DEALER (80 MILES AWAY, CLOSEST ONE) AND TOOK IT IN. THEY SAID BRAKE PADS WERE WORN OUT BUT THEY DIDN'T HAVE ANY IN STOCK SO I HAD TO WAIT UNTIL THEY CAME IN. IT TOOK 2 WEEKS! THEN WHEN I CAME IN THEY CLAIMED THEY WORE OUT THAT FAST BECAUSE THERE WAS DIRT IN THEM AND ALSO INSINUATED I MUST STOMP THE BRAKE A LOT, WHICH IS NOT THE CASE. I'M A LITTLE OLD LADY, DRIVING-WISE AND CHRONOLOGICALLY. (AND WHY WOULD IT BE DIRT ONE MINUTE, AND ME STOMPING THEM THE NEXT?) I GOT TESTY AND THEY SAID NO CHARGE, COURTESY, YADA YADA, BUT ALL THE WHILE ACTING VERY SUPERIOR. ABOUT 6 WEEKS LATER DRIVING HOME AFTER THANKSGIVING TRIP, BRAKES SCREAMED FOR HUNDREDS OF MILES. AFTER REST IN GARAGE, NO NOISE, NEVER AGAIN. I CALLED HONDA AT THAT POINT AND

FILED A COMPLAINT. THEY CALLED ME AND WERE EXTREMELY RUDE, ARROGANT, KEPT ASKING WHAT I WANTED! WHAT I WANTED WAS BRAKES THAT DIDN'T MAKE NOISE, EVER! ALSO, WHEN SPEAKING TO HONDA, THEY FOUND NO RECORD OF THE FRONT BRAKE PADS HAVING BEEN REPLACED, HAD TO CALL THE DEALERSHIP TO CONFIRM IT EVER HAPPENED. THEY REPORTED I WORE THEM OUT AND WASN'T I LUCKY THEY REPLACED THEM FREE OF CHARGE? THIS WHOLE EPISODE LEFT A VERY BAD TASTE FOR HONDA IN GENERAL, MAKES ME REGRET THAT I SWITCHED FROM HYUNDAIS TO HONDA FOR THE BETTER GAS MILEAGE.

- THIS IS MY THIRD HONDA. BY AND LARGE I COUNT MYSELF AS A SATISFIED HONDA CUSTOMER, BUT HAVE BEEN SURPRISED BY HOW OFTEN I'VE HAD TO REPLACE THE BRAKES ON THIS CAR. I FIRST HAD TO REPLACE THE BRAKES ON THIS CAR AT THE 18,000 MILE POINT. I WAS VERY SURPRISED! MY DEALER TOLD ME THE PROBLEM WAS THAT I AM RIDING THE BRAKES--NO SURPRISE AND DEFINITELY WRONG SINCE I DO NOT RIDE THE BRAKES. AT THIS POINT, MY CAR HAS 43,000 MILES AND I AM HAVING TO CONSIDER REPLACING THE BRAKES ON IT A THIRD TIME. I HAVE NOT BEEN HAPPY WITH THE LEVEL OF CUSTOMER SERVICE AT THE DEALER, AND SO HAVE STOPPED TAKING THIS CAR TO HIM FOR SERVICE OF ANY KIND.

- ASIDE FROM THAT, AND THE OCCASIONAL "CLUNK" FROM THIRD GEAR INTO FIRST (WHEN I SLOW DOWN AT A STOP SIGN FOR INSTANCE--APPARENTLY THAT'S NOT UNUSUAL FOR THIS CAR), I'VE BEEN PRETTY SATISFIED WITH THE PERFORMANCE OF THIS CAR. HONDA NEEDS TO TAKE CARE OF THIS PROBLEM THOUGH.

- PISSED BECAUSE MY BREAKS WERE SQUEAKING AND I THOUGHT I COULDN'T POSSIBLY NEED NEW BREAKS BEING THAT MY CAR IS LESS THAN A YEAR OLD AND BARELY HAS 9,000 MILES. DEALERSHIP TOLD ME THE FRONT WAS WORN DOWN TO A 2.8 AND THE BACK BREAKS ARE AT A 4 (THOSE SHOULD BE REPLACED AT 3). OMG, I ALMOST LET THIS GO ANOTHER FEW WEEKS THINKING MAYBE IT WAS DUST OR SOMETHING. SO THEY TELL ME THAT HONDA IS AWARE OF THE PROBLEM AND WORKING OUT A FIX, THAT THEY AREN'T SURE WHY THEIR 08 AND 09 CIVICS AND ACCORDS BREAK PADS ARE WEARING DOWN SO FAST. WTF, I'M SO PISSED, I AM IN THE MIDST OF DEALING WITH THEM AND CALLING CONSUMER AFFAIRS BECAUSE I AM NOT ABOUT TO KEEP REPLACING THE BREAKS ON MY NEW CAR OR EVERY 9K MILES. WHAT HAPPENS WHEN THE WARRANTY IS UP? SO THEY HAVEN'T TOUCHED THE BACK BREAKS BUT THOSE WILL NEED TO BE REPLACED WHAT IN A FEW WEEKS? I WANT TO KNOW IF ANYONE ELSE HAS HAD THIS PROBLEM AND HAD IT REMEDIED.

- I BOUGHT THIS HONDA CIVIC 2009 IN JULY 2009 AND AFTER A LITTLE OVER A YEAR WITH 14,752 MILES ONLY, THE FRONT BRAKES PREMATURELY WEAR. I HAD IT REPLACED ON MY EXPENSES BECAUSE I NEEDED TRANSPORTATION FOR MY DAILY WORK ROUTINE. LATER I SENT A LETTER OF COMPLAIN TO AMERICAN HONDA AUTOMOBILE CUSTOMER SERVICE AND REQUESTING A REIMBURSEMENT. A JONATHAN YU CALLED MY HOUSE AND LEFT A VOICE MESSAGE; I RETURNED HIS CALL A FEW TIMES AND LEFT VOICEMAIL MESSAGES, BUT NEVER GOT A CALL BACK. I CALLED THE HONDA AUTOMOBILE CUSTOMER SERVICE AND WAS ANSWERED BY A MICHAEL WHO RUDELY REFUSED TO GIVE ME HIS LAST NAME AND REFUSED TO LET ME TALK TO THEIR MANAGER.

- I'M GETTING NOWHERE WITH THIS COMPLAIN WITH HONDA'S UNPROFESSIONAL BUSINESS ETHICS. I AM PURSUING A COMPLAINT WITH THE CONSUMER AFFAIRS AND THE OFFICE OF DEFECTS INVESTIGATIONS OF NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, AND POSSIBLY SUE HONDA.

- 2008 HONDA CIVIC VIN# [XXX] ON JUNE 5, 2009, I PURCHASED A 2008 HONDA CIVIC FROM WHITE PLAINS HONDA LOCATED IN WHITE PLAINS, NY FOR MY 21-YEAR OLD SON. THE PURPOSE OF THIS LETTER IS REGARDING THE ONGOING BRAKE PROBLEM HE IS EXPERIENCING. ON OCTOBER 1, 2009 (WITH ONLY 17,223 MILES ON THE CAR), MY SONS CAR WAS SERVICED AT WHITE PLAINS HONDA BECAUSE OF A GRINDING NOISE HE WAS EXPERIENCING EVERY TIME HE WOULD STEP ON THE BRAKE. WHITE PLAINS HONDA ADVISED MY SON THAT HE NEEDED FRONT BRAKE PADS AND ROTORS. MY MECHANIC ADVISED ME THAT BRAKES SHOULD LAST AT LEAST 30,000 MILES. ON THE SAME DAY, MY MECHANIC REPLACED 1 SET OF FRONT DISC BRAKES AND 2 BRAKE ROTORS. ON MARCH 26, 2010, MY SONS CAR AGAIN NEEDED BRAKE REPAIR. AT THE TIME OF SERVICE, THERE WERE 31,425 MILES ON THE CAR WHICH MEANT HE ADDED AN ADDITIONAL 14,202 MILES ON THE CAR SINCE HIS LAST REPAIR. AGAIN, I HAVE CLARIFIED FROM A FEW MECHANICS THAT BRAKES SHOULD LAST AT LEAST 30,000 MILES. MY MECHANIC ADVISED ME THAT THERE HAVE BEEN AT LEAST 4 HONDA CIVICS HE HAS SERVICED IN HIS SHOP WITH THE SAME BRAKE PROBLEMS. HE CAN'T FIGURE OUT WHY THERE IS A CONTINUOUS PROBLEM WITH THE BRAKE WEARING OUT ON THE DRIVER'S SIDE. I HAVE COPIES OF ALL THE REPAIR RECEIPTS. I BOUGHT A HONDA BECAUSE I THOUGHT I WAS PURCHASING A REPUTABLE CAR FOR MY SON. IN THIS ECONOMY, WHO CAN AFFORD TO REPLACE BRAKES EVERY 14,000 MILES? INFORMATION REDACTED PURSUANT TO THE FREEDOM OF INFORMATION ACT (FOIA), 5 U.S.C. 552(B)(6).

- MY 2008 HONDA CIVIC LX SEDAN IS IN THE DEALER AGAIN FOR BRAKES. THE FRONT BRAKES WERE REPLACED AT 18,000 MILES IN MAY OF 2009 AND NOW AT 31,000 IT NEEDS THEM AGAIN. ROTORS HAVE TO BE TURNED AGAIN AND BRAKE PADS REPLACED AGAIN. OUR DRIVING IS MOSTLY HIGHWAY AND WE DON'T ABUSE OUR CAR. BRAKES ARE UNDERSIZED FOR VEHICLE, HONDA AGREED AND FIXED THE FIRST TIME, NOW ARE SAYING IT IS NOT THERE PROBLEM. I HAVE OWNED 2 OTHER HONDA VEHICLES AND NEVER PUT BRAKES ON EITHER ONE OF THEM. DEALER SAID THIS IS TYPICAL WEAR AND TEAR FOR VEHICLE MODEL.

- 08 HONDA CIVIC, PURCHASED NEW AND HAVE HAD THE SAME BRAKE PROBLEMS SINCE 7, 000 MILES; SQUEALING FOLLOWED BY GRINDING. I THOUGHT SOMETHING GOT STUCK BETWEEN THE BRAKE AND THE ROTOR, I WAS WRONG. FRONT DRIVER SIDE PAD WAS WORN DOWN TO NOTHING, PASSENGER SIDE PADS WERE OKAY. CALLED DEALSHIP AND THEY STATED, BRAKES WERE NOT COVERED UNDER WARRANTY AS THEY WERE UDER NORMAL WEAR-AND-TEAR. I EXPLAINED THAT THE INSIDE PISTON ON THE DRIVER CALIPER MUST NOT BE RECOVERING AFTER APPLICATION CAUSING PAD TO WEAR OUT PREMATURELY, THEY DID NOTHING. I REPLACED MYSELF. 6, 000 MILE LATER I HAD CAR IN IN FOR INSPECTION AND DEALER SAID I NEEDE BRAKES. I COMPLAINED AND THEY TOOK 1/2 OFF AFTER I ASKED THEM IF IT WAS THE FRONT INSIDE DRIVER SIDE PAD THAT WAS WORN OUT AGAIN. I REPLACE THE BRAKES EVERY 6 TO 9, 000 MILES. IT IS ALWAYS THE SAME PAD THAT IS WEARING OUT FIRST. HONDA DEALER REFUSES TO RELACE THE CALIPER.

- NIGHTMARE! I HAVE A 2010 HONDA CIVIC & HAVE HAD TO REPLACE THE BRAKES AT ABOUT 6, OOO MILES. I HAD REALLY BAD GRINDING & THEN SOME STRANGE RINGING WHICH SOUNDED VERY SCARY. SURE ENOUGH EVERYTHING WAS SHOT AND HAD TO REPLACE FRONT BRAKE PADS. THIS IS B.S!!!!

25.    Honda tells its customers that they should inspect their vehicles' brakes pads when the vehicles' on-board computer system, which Honda calls the "Maintenance Minder System," informs them that service is due. However, the Brake Defect causes the pads to wear at such an accelerated rate that the vehicles' on-board computer system does not warn drivers that the brake pads require inspection or are suffering from dangerous levels of brake pad wear. Moreover, Consumers do not expect to have to inspect or replace the brake pads after only

Case No.                                 Page 13

1   7,500 to 15,000 miles. The undisclosed defect in the Braking System poses an
2   unreasonable safety risk to consumers.

3        26.    Honda has long known that the Class vehicles have a defective
4   Braking System.   Honda has exclusive access to information about the Brake
5   Defect through its dealerships, pre-release testing data, warranty data, customer
6   complaint data, and replacement part sales data, among other sources of aggregate
7   information about the problem.   In contrast, the Braking System defect was not
8   known or reasonably discoverable by Plaintiffs and Class members prior to
9   purchase and without experiencing the defect first hand and exposing themselves to
10   an unreasonable safety risk.

11        27.    Honda has actively concealed the Brake Defect from consumers. Even
12   when vehicle owners specifically ask whether their vehicle suffers from a known
13   problem, Honda's policy is to deny that there is a known problem, continue
14   concealing the Brake Defect, and to assert that replacing brake pads every 7,500 to
15   15,000 miles is normal or that it is the consumers' aggressive driving behavior that
16   is causing the problem.  Honda knew that potential car buyers and lessees would
17   deem the defect in the Braking System to be material such that reasonable
18   consumers who knew of the defect either would have paid less for the Class
19   Vehicles or would not have purchased or leased a Class Vehicle at all.

20        28.    Honda has a duty to disclose the Brake Defect and the associated
21   repair costs to Class Vehicles owners, among other reasons, because the defect
22   poses an unreasonable safety hazard; because Honda has exclusive knowledge or
23   access to material facts about the Class Vehicles and their Braking System that are
24   not known or reasonably discoverable by Plaintiffs and Class Members; and
25   because Honda has actively concealed the Brake Defect from its customers.

26        29.    As a result of Honda's practices, Plaintiffs and Class members
27   purchased vehicles they otherwise would not have purchased, paid more for those
28

1 vehicles than they would have paid, were subjected to an unreasonable risk to their

2 safety, and unnecessarily paid, and will continue to pay, excessive, unreasonable,

3 and unforeseeable repair costs as a result of the Brake Defect.

4 **PLAINTIFF STACIE ZAKSKORN**

5      30.    On or about August 24, 2009, Plaintiff Stacie Zakskorn purchased a

6 new 2009 Honda Civic from Folsom Lake Honda in Rancho Cordova, California,

7 which came with the factory-installed Braking System.  Honda did not inform Ms.

8 Zakskorn before her purchase that the Civic's Braking System was defective or that

9 the vehicle would need to have its front brake pads replaced every 7,500 to 15,000

10 miles.  Like all class members, Ms. Zakskorn would not have purchased the vehicle

11 had she known these material facts, or would have paid less for them.

12      31.    On February 6, 2010, Ms. Zakskorn brought her vehicle into Folsom

13 Lake Honda complaining of a high pitch squealing type noise.  At the time Ms.

14 Zakskorn's vehicle had 10,675 miles on the odometer.  The technicians at Folsom

15 Lake Honda claimed to be "unable to verify" the complaint.

16      32.    Then, in July 2010, when Ms. Zakskorn's vehicle had 20,451 miles on

17 the odometer, she brought her vehicle to Folsom Lake Honda for regular service.

18 While performing the Honda Multi-Point Vehicle Inspection, the technician noted

19 that Ms. Zakskorn's left front brake pad had 1.5 millimeters remaining and the right

20 front brake pad had 4 millimeters remaining.  The technician also checked off the

21 boxes indicating that Ms. Zakskorn's front brakes required "immediate attention."

22 Despite the fact that brake pads are a "wear item" not covered under the NVL

23 warranty, Folsom Lake Honda replaced Ms. Zakskorn's front brake pads free of

24 charge, calling it a "1 time good will."

25      33.    On September 24, 2010, when Ms. Zakskorn had 25,249 miles on her

26 odometer she again brought her vehicle to Folsom Lake Honda complaining of

27 brake problems.  Specifically, Ms. Zakskorn complained that she felt a vibration

28

1    when she applied the brakes.  The technician road-tested her vehicle and confirmed

2    that there was a "brake pulsation."  Upon inspection of her vehicle, the technician

3    found that her front brake rotors were "slightly discolored" and "slightly out of

4    round."  Despite the fact that brake pads and brake rotors are wear parts not covered

5    under warranty, Folsom Lake Honda replaced the rotors free of charge under

6    warranty.  On May 21, 2011, when Ms. Zakskorn's vehicle had 36,751 miles on the

7    Odometer (and approximately 16,000 on the front brake pads), she brought her

8    vehicle to Shingle Springs Honda complaining of a whining noise while driving.

9    The technician found that her front brake pads were again worn down to the sensors

10   and needed to be replaced.  However, they refused to cover the cost of this

11   replacement under warranty and she was charged $159.95 to replace the front brake

12   pads.

13       34.    Ms. Zakskorn is concerned with the safety and reliability of her

14   vehicle's Braking System.  Ms. Zakskorn is also upset because she will have to

15   spend time and money replacing the front brake pads at much shorter increments

16   then she anticipated at the time of purchase resulting in a significantly higher cost

17   of ownership.

18   **PLAINTIFF JESSICA MELGOZA**

19       35.    On or about March 31, 2009, Plaintiff Jessica Melgoza purchased a

20   new 2009 Honda Civic from DCH Honda of Oxnard in Oxnard, California, which

21   came with the factory-installed Braking System.  Honda did not inform Ms.

22   Melgoza before her purchase that the Civic's Braking System was defective or that

23   the vehicle would need to have its front brake pads replaced every 7,500 to 15,000

24   miles.

25       36.    On or about September 26, 2009, with approximately 11,633 miles on

26   the odometer, Plaintiff brought the vehicle to a Honda authorized dealer

27   complaining of a squeaking noise emanating from the vehicle while being driven.

28

Case No.                          Page 16
                         **CLASS ACTION COMPLAINT**

1  The dealer attributed Ms. Melgoza's concern to premature brake wear and replaced

2  her front brake pads and shims charging her over $70.00.

3    37.   On January 27, 2010, with approximately 19,370 miles on the

4  odometer, Plaintiff brought the vehicle to a Honda dealer for premature brake wear.

5  The dealer verified the Complaint and replaced her front brake pads under its

6  "goodwill assistance" program.  The dealer also resurfaced the front brake rotors

7  under its "goodwill assistance" program.

8    38.   On or about June 4, 2010, with approximately 28,153 miles on the

9  odometer, Plaintiff brought the vehicle to a Honda and as was told that she "may

10  need front brakes [] very soon."

11    39.   On or about August 9, 2010, with approximately 32,383 miles on the

12  vehicle's odometer, Ms. Melgoza brought the vehicle to a Honda dealer

13  complaining that her front brakes are making noise and are wearing prematurely.

14  The dealer verified Ms. Melgoza's concerns and replaced the front brakes charging

15  her over $200.00

16    40.   On September 14, 2010, with approximately 34,722 miles on her

17  odometer, Ms. Melgoza brought the vehicle to a Honda dealer and was told that her

18  front brakes were OK at that time.

19    41.   On January 24, 2011, with approximately 41,413 miles on her

20  odometer, Ms. Melgoza brought the vehicle to an authorized Honda dealer

21  complaining that her brakes were making a grinding noise.  The dealer verified Ms.

22  Melgoza's concerns and replaced her front brakes charging her over $200.

23  **PLAINTIFF RACHELLE SCHREIBER**

24    42.   On or about May 15, 2009, Plaintiff Rachelle Schreiber purchased a

25  new 2009 Honda Civic from Norm Reeves Honda in West Covina, California,

26  which came with the factory-installed Braking System.  Honda did not inform Ms.

27  Schreiber before her purchase that the Civic's Braking System was defective or that

28  

Case No.                    Page 17

1    the vehicle would need to have its front brake pads replaced every 7,500 to 15,000

2    miles.

3        43.    On September 25, 2009, when Ms. Schreiber's vehicle had 9,610

4    miles on the odometer, she brought her vehicle to Norm Reeves Honda

5    complaining of a "loud screeching sound that comes from the front end." The

6    technician inspected her vehicle and determined that the "front brake pads [were]

7    worn to the sensors causing screeching when driving." Despite the fact that brake

8    pads are a "wear item" not covered under the NVL warranty, Norm Reeves Honda

9    replaced Ms. Schreiber's front brake pads free of charge under the warranty and

10   also verified that the entire Brake System was "working good."

11       44.    On November 27, 2009, when Ms. Schreiber's vehicle had 14,396

12   miles on the odometer, she brought her vehicle to Norm Reeves Honda again

13   complaining of issues with her brakes. The technician inspected her vehicle and

14   determined that her front brakes were already worn down to 5 millimeters.

15   However, instead of acknowledging and fixing the Brake Defect, AHM's agent

16   blamed the premature wear on Ms. Schreiber, claiming to have found objective

17   evidence that she was "riding [her] brakes." No repair was performed and Ms.

18   Schreiber was not charged for the inspection.

19       45.    On January 18, 2010, when Ms. Schreiber's vehicle had 18,062miles

20   on the odometer, she brought her vehicle to Norm Reeves Honda again complaining

21   that her brakes were squealing. The technician inspected her Brake System and

22   confirmed that her front brake pads (which had been used for under 5,000 miles)

23   were worn down to 1 millimeter and her front brake rotors were worn down to 20

24   millimeters. The technician replaced the front brake pads and resurfaced the front

25   brake rotors. Ms. Schreiber was told that the repair would cost $195.41 but she was

26   not advised about the Brake Defect in her vehicle. When Ms. Schreiber complained

27   about her persistent brake problems, Norm Reeves Honda and AHM agreed to give

28

1  Ms. Schreiber a "one time gesture of goodwill" under its "goodwill" program and

2  covered part of the repair cost. Ms. Schreiber paid $99.76 for the repair.

3      46.    On April 8, 2010, when Ms. Schreiber's vehicle had 23,231 miles on

4  the odometer, she brought her vehicle to Norm Reeves Honda again complaining

5  that she was having problems with her brakes. The technician inspected her Brake

6  System and confirmed that her front brake pads (which had been used for under

7  9,000 miles) were worn down to 3 millimeters. The technician again replaced the

8  front brake pads and resurfaced the rotors. Norman Reeves and AHM performed

9  this repair free of charge under Honda's "goodwill and in the interest of customer

10  satisfaction" program.

11      47.    On June 18, 2010, when Ms. Schreiber's vehicle had 27,768 miles on

12  the odometer, she brought her vehicle to Norm Reeves Honda again complaining

13  that her brakes were making noise. The technician inspected her Brake System and

14  confirmed that her front brake pads were "still OK," but that her "front [brake]

15  rotors were heat warped which is causing noise when braking." The dealership

16  recommended that Ms. Schreiber have her front brake rotors resurfaced to eliminate

17  the noise, but advised that she would be responsible for the cost of such repair. Ms.

18  Schreiber declined that service.

19      48.    On August 16, 2010, when Ms. Schreiber's vehicle had 30,499 miles

20  on the odometer, she brought her vehicle to Norm Reeves Honda requesting that

21  they check her brakes. The technician inspected her Brake System and found that

22  her vehicle's "front brake rotors [were] glazed causing noise – brake pads are okay

23  at this time." No repairs were recommended. Ms. Schreiber was charged $1.22 for

24  a "hazardous waste fee brake service."

25      49.    On October 29, 2010, when Ms. Schreiber's vehicle had 33,976 miles

26  on the odometer, she brought her vehicle to Norm Reeves Honda requesting that

27  they check her brakes. The technician inspected her Brake System and found that

28

Case No.                                    Page 19
                            CLASS ACTION COMPLAINT

her front brake pads (which had been used for approximately 10,000 miles) were worn down to 1 millimeter.   The dealership replaced the front brake pads and resurfaced the front brake rotors and Ms. Schreiber was charged $190.83 for this repair.

50.   On June 10, 2011, when Ms. Schreiber's vehicle had 44,816 miles on the odometer, she brought her vehicle to Norm Reeves Honda requesting that they check her brakes.   The technician inspected her Brake System and found that her front brake pads (which had been used for approximately 11,000 miles) needed replacement and her front brake rotors needed to be resurfaced.   Despite the continuous premature front brake wear, the dealership noted that she was experiencing "normal brake pad wear."   The dealership replaced the front brake pads and resurfaced the front brake rotors and Ms. Schreiber was charged $192.03 for this repair.

## CLASS ACTION ALLEGATIONS

51.   Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated as members of the proposed Class pursuant to Federal Rules of Civil Procedure 23 (b)(3) (b)(1) and/or (b)(2).  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions, and is defined as follows:

> All current and former owners or lessees of a 2008, 2009 or 2010 Model Year Honda Civic vehicle (the "Class").

52.   Excluded from the Class are Honda; any affiliate, parent, or subsidiary of Honda; any entity in which Honda has a controlling interest; any officer or director of Honda; any successor or assign of Honda; and any Judge to whom this case is assigned as well as his or her immediate family and staff.

53.   Claims for personal injury are specifically excluded from the Class. Plaintiffs also reserve the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise limited.

54.   Ascertainability: The class definition is sufficiently objective such that membership in the class can be readily determined by reference to objective criteria, that being ownership or leasing of a Class Vehicle.

55.   Numerosity:   Members of the Class are so numerous that their individual joinder herein is impracticable.   Hundreds of thousands of Class Vehicles have been sold or leased in the United States with a substantial portion of those sales occurring in California.   Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

56.   Existence and predominance of common questions:   Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class Members.   These common questions include the following:

   a.   Whether Honda provided Plaintiffs and Class members with a vehicle installed with a defective Braking System or defective component parts;

   b.   Whether the fact that the Braking System is defective and requires front brake pad replacement every 7,500 to 15,000 miles would be considered material by a reasonable consumer;

   c.   Whether Honda has a duty to disclose the Brake Defect to Plaintiffs and other Class members;

   d.   Whether Honda has violated the Consumers Legal Remedies Act, CAL. CIV. CODE § 1750 *et seq.*, as alleged in this complaint;

e.   Whether Honda has engaged in unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code' section 17200 *et seq.*, as alleged in this complaint;

f.   Whether Honda's refusal to repair the Brake Defect breached the express warranty;

g.   Whether the replacement of brake pads, without addressing the underlying Brake Defect that caused premature wearing of the brake pads, fulfilled Honda's obligations under its express warranty;

h.   Whether Plaintiffs and the other Class members are entitled to equitable relief, including but not limited to restitution or a preliminary and/or permanent injunction;

i.   Whether Plaintiffs and the other Class members are entitled to damages and other monetary relief; and

j.   Whether Honda breached the express warranty and implied warranty of merchantability.

57.   Typicality:  Plaintiffs' claims are typical of the claims of the Class, because, among other things, Plaintiffs purchased Class Vehicles, which contain the same defective Braking System found in all other Class Vehicles.

58.   Adequacy:  Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent.  Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously.  The interests of the members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

59.   <u>Superiority:</u>  The class action is superior to other available means for the fair and efficient adjudication of this dispute.  The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Honda economically feasible.  Even if Class members themselves could afford such individualized litigation, it would place an excessive and unnecessary burden on the court system.  In addition to the burden and expense of managing myriad actions arising from the Braking System defect, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case.   By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

60.   In the alternative, the Class may be certified under Rule 23(b)(1) and 23(b)(2) because:

a.   The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Honda;

b.   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.   Honda has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and

injunctive relief with respect to the members of the Class as a whole.

## FIRST CAUSE OF ACTION
### (Violation of the Consumers Legal Remedies Act, CAL. CIV. CODE § 1750, *et seq.*)

61.     On behalf of themselves and all others similarly situated, Plaintiffs re-allege as if fully set forth, each and every allegation set forth herein.

62.     Honda is a "person" under CAL. CIV. CODE §1761(c).

63.     Plaintiffs and the other Class members are "consumers" under CAL. CIV. CODE §1761(d).

64.     Plaintiffs and the other Class members engaged in "transactions" under CAL. CIV. CODE §1761(e), including the purchase or lease of Class Vehicles and the presentation of Class Vehicles for repair or replacement of the Braking System to Honda dealerships.

65.     As set forth herein, Honda's acts, policies, and practices undertaken in transactions intended to result and which did result in the sale or lease of Class Vehicles, violate sections 1770(a)(5), (a)(7), (a)(9), (a)(14), and (a)(16) of the CLRA in that: (a) Honda represents that its goods have sponsorship, approval, characteristics, uses, or benefits which they do not have; (b) Honda represents that its goods are of a particular standard, quality, or grade, but are of another; (c) Honda advertises its goods with intent not to sell them as advertised; (d) Honda represents that a transaction confers or involves rights, remedies, or obligations which it does not have-or involve; and (e) Honda represents that its goods have been supplied in accordance with a previous representation when they have not.

1   66.   The existence of the Brake Defect is a material fact.

2   67.   Plaintiffs and other Class members were unaware of the defective
3   Braking System when they purchased the Class Vehicles.   Consumers value
4   reliability and dependability of automobiles and automobile parts, especially
5   concerning vital safety mechanisms such as the Braking System in the Class
6   Vehicles. Had they known that the Braking System was defective, Plaintiffs, and
7   other Class members, would not have purchased or leased the Class Vehicles, or
8   would have done so at lower prices.

9   68.   Reasonable consumers expect, among other things:

10          a.   That new vehicles, including Class Vehicles, would be equipped
11               with safe and reliable brakes and would not be sold with
12               undisclosed safety defects;

13          b.   That new vehicles, including Class Vehicles, would be
14               manufactured in a manner not to cause premature wear on "wear
15               items" like brake pads, for which the consumer must pay to
16               replace;

17          c.   That new vehicles, including Class Vehicles, would function
18               properly for the duration of the warranty and that defects will be
19               covered under the warranty; and

20          d.   That new vehicles, including Class Vehicles, would not require
21               replacement of the front brake pads within 7,500 to 15,000 miles
22               of purchase or lease, or every 7,500 to 15,000 miles thereafter,
23               for the life of the vehicle.

24   69.   Honda had a duty to disclose the Braking System's defect in the Class
25   Vehicles for various reasons, including that:

26          a.   The existence of the defect poses an unreasonable risk to the
27               safety of the Plaintiffs and other Class members;

28

b.     The defect's existence is contrary to Honda's representations and consumers' expectations;

c.     Honda's concealment of the defect and/or Honda's failure to disclose the defect was likely to deceive reasonable consumers;

d.     Honda intentionally concealed the defect with the intent to defraud consumers;

e.     Honda's concealment of the defect harmed the Plaintiffs and other Class members; and

f.     Honda never intended to fulfill its warranty obligation to repair or replace the defect in the Braking System or any of the damage caused thereby.

70.    In addition, Honda was under a duty to Plaintiffs and the Class to disclose the defective nature of the Class Vehicles:

a.     Honda was in a superior position to know the true state of facts about the safety defect and associated repair costs in the Class Vehicles;

b.     Plaintiffs and the Class Members could not reasonably have been expected to learn or discover that the Class Vehicles had a dangerous safety defect until after they purchased the Class Vehicles; and

c.     Honda knew that Plaintiffs and the Class Members could not reasonably have been expected to learn or discover the safety defect and the associated repair costs that it causes.

71.    In failing to disclose the Brake Defect and the associated repair costs, Honda has knowingly and intentionally concealed material facts and breached its duty not to do so.

72.     The facts concealed or not disclosed by Honda to Plaintiffs and the Class are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase Defendant's Class Vehicles or pay a lesser price.  Had Plaintiffs and the Class known the defective nature of the Class Vehicles, they would not have purchased the Class Vehicles or would have paid less for them.

73.     As a result of Honda's practices, Plaintiffs and the other Class members have suffered harm.

74.     Pursuant to the provisions of CAL. CIV. CODE § 1780, Plaintiffs seek an order enjoining Honda from the unlawful practices described herein, a declaration that Honda's conduct violates the CLRA, and attorneys' fees and costs of litigation.

75.     Plaintiffs have provided Honda with notice of its alleged violations of the CLRA pursuant to California Civil Code § 1782(a).  If, within 30 days of the date of the notification letter, Defendant fails to provide appropriate relief for its violation of the CLRA, Plaintiffs will amend this Complaint to seek monetary, compensatory, and punitive damages, in addition to the injunctive and equitable relief that Plaintiffs seek now.

## SECOND CAUSE OF ACTION
### (For unlawful, unfair, and fraudulent business practices under California Business and Professions Code § 17200 *et seq.*)

76.     Plaintiffs, on behalf of themselves and all others similarly situated, re-allege, as if fully set forth, each and every allegation set forth herein.

77.     Honda's acts and practices, as alleged in this complaint, constitute unlawful, unfair and/or fraudulent business practices, in violation of the Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200, *et seq.*

78.     The business practices engaged in by Honda that violate the Unfair Competition Law include failing to disclose at the point of sale, the point of repair, or otherwise, that the Braking System is defective.

**Case No.**                          Page 27
**CLASS ACTION COMPLAINT**

79. Honda engaged in unlawful business practices by violating the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*; the Magnuson Moss Warranty Act, U. S.C. § 2301 *et seq.*; and by engaging in conduct, as alleged herein, that breaches the express and implied warranties.

80. Honda engaged in unfair business practices by, among other things:

    a. Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiffs and other members of the Class;

    b. Engaging in conduct that undermines or violates the stated policies underlying the CLRA and the Magnuson-Moss Warranty Act, each of which seeks to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace; and

    c. Engaging in conduct that causes a substantial injury to consumers, not outweighed by any countervailing benefits to consumers or to competition, which the consumers could not have reasonably avoided.

81. Honda engaged in fraudulent business practices by engaging in conduct that was and is likely to deceive consumers acting reasonably under the circumstances.

82. As a direct and proximate result of Honda's unfair and fraudulent business practices as alleged herein, Plaintiffs suffered injury in fact and lost money or property, in that they purchased a vehicle they otherwise would not have purchased, paid for Braking System diagnoses, repairs, and replacements, and are left with Class Vehicles of diminished value and utility because of the defective Braking System. Meanwhile, Honda has sold and leased more Class Vehicles and

Braking System parts than it otherwise could have and charged inflated prices for Class Vehicles, unjustly enriching itself thereby.

83.     Plaintiffs and Class members are entitled to equitable relief including restitution of all fees, restitutionary disgorgement of all profits accruing to Honda because of its unfair, fraudulent, and deceptive practices, attorneys' fees and costs, declaratory relief, and a permanent injunction enjoining Honda from its unfair, fraudulent, and deceitful activity.

### THIRD CAUSE OF ACTION
#### (For Breach of Written Warranty Under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*)

84.     Plaintiffs, on behalf of themselves and all others similarly situated, re-alleges, as if fully set forth, each and every allegation set forth herein.

85.     Plaintiffs and the other Class members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

86.     Honda is a "supplier" and "warrantor" within the meaning of sections 2301(4)-(5).

87.     The Class Vehicles are "consumer products" within the meaning of section 2301(1).

88.     Honda's express warranty is a "written warranty" within the meaning of section 2301(6).

89.     Honda breached the express warranty by:

    a.     Extending a 3 year/36,000 miles New Vehicle Limited Warranty with the purchase or lease of the Class Vehicles, thereby warranting to repair or replace any part defective in material or workmanship at no cost to the owner or lessee;

    b.     Selling and leasing Class Vehicles with Braking Systems that were defective in material and workmanship, requiring repair or replacement within the warranty period; and

c.  Refusing to honor the express warranty by repairing or replacing, free of charge, the Braking System or any of its component parts and instead charging for repair and replacement parts.

90.  Honda's breach of the express warranty has deprived the Plaintiffs and the other Class members of the benefit of their bargain.

91.  The amount in controversy of the Plaintiffs' individual claims meet or exceeds the sum or value of $25. In addition, the amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit.

92.  Honda has been afforded a reasonable opportunity to cure its breach of written warranty, including when Plaintiffs and other Class members brought their vehicles in for diagnoses and repair of their Braking Systems.

93.  As a direct and proximate cause of Honda's breach of written warranty, Plaintiffs and Class members sustained damages and other losses in an amount to be determined at trial.  Honda's conduct damaged Plaintiffs and Class members, who are entitled to recover actual damages, consequential damages, specific performance, diminution in value, costs, attorneys' fees, rescission, and/or other relief as appropriate.

## FOURTH CAUSE OF ACTION
### (For Breach of Express Warranty Under CAL. COMM. CODE § 2313)

94.  Plaintiffs, on behalf of themselves and all others similarly situated, re-allege, as if fully set forth, each and every allegation set forth herein.

95.  Honda provided all purchasers and lessees of the Class Vehicles with the express warranty described herein, which became a material part of the bargain. Accordingly, Honda's express warranty is an express warranty under California law.

96.     The Braking System and its component parts were manufactured and/or installed by Honda in the Class Vehicles and are covered by the express warranty.

97.     Honda breached the express warranty by:

    a.     Extending a 3 year/36,000 miles New Vehicle Limited Warranty with the purchase or lease of the Class Vehicles, thereby warranting to repair or replace any part defective in material or workmanship at no cost to the owner or lessee;

    b.     Selling and leasing Class Vehicles with Braking Systems that were defective in material and workmanship, requiring repair or replacement within the warranty period; and

    c.     Refusing to honor the express warranty by repairing or replacing, free of charge, the Braking System or any of its component parts and instead charging for repair and replacement parts.

98.     Plaintiffs notified Honda of the breach within a reasonable time and/or was not required to do so because affording Honda a reasonable opportunity to cure its breach of written warranty would have been futile.  Honda was also on notice of the defect from the complaints and service requests it received from Class members, from repairs and/or replacements of the Braking System or a component thereof, and through its own maintenance records and other internal data.

99.     As a direct and proximate cause of Honda's breach, Plaintiffs and the other Class members have suffered damages and continue to suffer damages, including economic damages at the point of sale or lease, that is, the difference between the value of the vehicle as promised and the value of the vehicle as delivered.  Additionally, Plaintiffs and the other Class members either have

1  incurred or will incur economic damages at the point of repair in the form of the
2  cost of repair.

3      100.  Plaintiffs and the other Class members are entitled to legal and
4  equitable relief against Honda, including actual damages, consequential damages,
5  specific performance, rescission, attorneys' fees, costs of suit, and other relief as
6  appropriate.

7
                       **FIFTH CAUSE OF ACTION**
8  **(For Breach of Implied Warranty Pursuant to Song-Beverly Consumer**
9  **Warranty Act, California Civil Code §§ 1792 and 1791.1, *et seq.*)**

10      101.  Plaintiffs, on behalf of themselves and all others similarly situated, re-
11  allege, as if fully set forth, each and every allegation set forth herein.

12      102.  Honda was at all relevant times the manufacturer, distributor,
13  warrantor, and/or seller of the Class Vehicles.  Defendant knew or had reason to
14  know of the specific use for which the Class Vehicles were purchased.

15      103.  Honda provided Plaintiffs and Class Members with an implied
16  warranty that the Class Vehicles and any parts thereof are merchantable and fit for
17  the ordinary purposes for which they were sold.  However, the Class Vehicles are
18  not fit for their ordinary purpose of providing reasonably reliable and safe
19  transportation because the Class Vehicles have a defect in the Braking System.
20  Braking System suffers from a defect that can put the lives of its occupants and
21  other drivers who share the road with them at risk.

22      104.  Honda impliedly warranted that the Class Vehicles were of
23  merchantable quality and fit for such use.  This implied warranty included, among
24  other things, a warranty that the Class Vehicles and their Braking Systems would be
25  fit for their intended use while the Class Vehicles were being operated.

26      105.  Contrary to the applicable implied warranties, the Class Vehicles and
27  their Braking Systems at time of sale and thereafter were not fit for their ordinary
28  and intended purpose of providing Plaintiffs and the Class Members with reliable,

1    durable, and safe transportation. Instead, the Class Vehicles are defective,

2    including but not limited to the Class Vehicles having a defect in their Braking

3    System.

4       106. Honda's actions, as complained of herein, breached the implied

5    warranty that the Class Vehicles were of merchantable quality and fit for such use

6    in violation of California Civil Code §§ 1792 and 1791.1.

7                 **PRAYER FOR RELIEF**

8       WHEREFORE, Plaintiffs, on Plaintiffs' own behalf and on behalf of the

9    Class, prays for judgment as follows:

10           a.    For an order certifying the Class and appointing Plaintiffs and

11               their counsel to represent the Class;

12           b.    For a declaration that Defendants are financially responsible for

13               notifying all Class Members about the defective nature of the

14               Class Vehicles and their braking system defect;

15           c.    For an order awarding Plaintiffs and the members of the Class

16               actual damages, consequential damages, specific performance,

17               and/or rescission, except that for now, Plaintiffs seek only

18               equitable and injunctive relief with respect to their claims under

19               California's Consumer Legal Remedies Act, California Civil

20               Code section 1750 *et seq.*;

21           d.    For an order awarding Plaintiffs and the members of the Class

22               restitution, or other equitable relief as the Court deems proper;

23           e.    For an order enjoining Honda from continuing to engage in

24               unlawful business practices as alleged herein;

25           f.    For an order awarding Plaintiffs and the members of the Class

26               pre-judgment and post-judgment interest;

27

28

g.    For an order awarding Plaintiffs and the members of the Class reasonable attorneys' fees and costs of suit, including expert witness fees, as allowed by law;

h.    For an order awarding Plaintiffs and the members of the Class reasonable attorneys' fees and costs of suit, including expert witness fees, pursuant to California Code of Civil Procedure § 1021.5, the common fund theory, or any other applicable statute, theory, or contract;

i.    any and all remedies provided pursuant to the Song-Beverly Act, including California Civil Code §1794; and

j.    For an order awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable.

Dated:  October 4, 2011                    Respectfully submitted,

                                           **CADDELL & CHAPMAN**

                                By:    s/Michael A. Caddell
                                       Michael A. Caddell (State Bar No. 249469)
                                       mac@caddellchapman.com)
                                       Cynthia B. Chapman (State Bar No. 164471)
                                       cbc@caddellchapman.com
                                       Cory S. Fein (State Bar No. 250758)
                                       csf@caddellchapman.com
                                       **CADDELL & CHAPMAN**
                                       1331 Lamar, Suite 1070
                                       Houston TX 77010-3027
                                       Telephone:  (713) 751-0400
                                       Facsimile:  (713) 751-0906

                                       *Attorneys for Plaintiffs*

**CLASS ACTION COMPLAINT**