**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Norman C. Hile (SBN: 57299)
nhile@orrick.com
Cameron L. Desmond (SBN: 268925)
cdesmond@orrick.com
400 Capitol Mall, Suite 3000
Sacramento, California 95814
Telephone: (916) 447-9200
Facsimile: (916) 329-4900

**DYKEMA GOSSETT LLP**
John M. Thomas, SBN: 266842
jthomas@dykema.com
Brian H. Newman, SBN: 205373
bnewman@dykema.com
Ashley R. Fickel, SBN: 237111
afickel@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendants
AMERICAN HONDA MOTOR CO., INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIE ZAKSKORN, JESSICA MELGOZA, AND RACHELLE SCHREIBER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN HONDA MOTOR CO., INC.; HONDA NORTH AMERICA, INC.; AND HONDA MOTOR COMPANY, LTD. <br><br> Defendants. <br><br> AND RELATED CASE | Case No. 11-CV-02610-KJM-KJN <br><br> Related Case: CIV S-11-3120 KJM-KJN <br><br> **DISCOVERY MATTER** <br><br> **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

WHEREAS Defendant American Honda Motor Co., Inc. ("Honda") and Plaintiffs Stacie Zakskorn, Jessica Melgoza, Rachelle Schreiber, and Javier Hidalgo (in related case) ("Plaintiffs") (collectively, "Parties") anticipate that they may produce certain "Confidential Information," as defined below, in their Rule 26 initial disclosures, in their responses to written discovery, during deposition testimony, during confidential settlement discussions, or in response to other requests in the matter captioned Zakskorn et al. v. American Honda Motor Co., Inc. (Case No. 11-CV-02610-KJM-KJN and related case Hidalgo v. American Honda Motor Co., Inc. CIV S-11-3120 KJM-KJN (the "Action"), Honda and Plaintiffs, through their undersigned counsel, hereby stipulate and agree that the Court may enter a Protective Order based on the following Stipulated Confidentiality Agreement for Entry of Protective Order ("Agreement"), as set forth below:

WHEREAS, this case concerns claims raised by Plaintiffs relating to model year 2008 through 2010 Honda Civic vehicles (Zakskorn) and model year 2008 through 2011 Honda Civic vehicles (Hidalgo) distributed by American Honda Motor Co., Inc.;

WHEREAS, given the nature of the claims and defenses asserted by the Parties, discovery will focus on several areas of a sensitive proprietary nature, including, but not limited to, "confidential research, development, or commercial information" as provided in Federal Rule of Civil Procedure 26(c);

WHEREAS, the Parties, through counsel, have jointly moved the Court for entry of this Protective Order for purposes of protecting the Parties from "annoyance, embarrassment, oppression, or undue burden or expense," per Rule 26(c), and to facilitate discovery; and

WHEREAS, the Parties, through counsel, stipulate that the "good cause" standard set forth in Federal Rule of Civil Procedure 26(c) is met.

IT IS HEREBY ORDERED THAT:

1. "Party" as used herein shall include Plaintiffs, American Honda Motor Co., Inc., ("AHM") and any other Honda-related entity producing documents or providing testimony in the above-captioned matter (the "Litigation"), including all entities dismissed from the Litigation per the Agreement of Plaintiffs and AHM.

2. "Information" as used herein shall include any document, deposition testimony, electronic data, interrogatory response, response to requests for admissions, or other information disclosed or produced by or on behalf of a Party (or any of its attorneys or other agents), or by or on behalf of a non-party (or any of its attorneys or other agents), either informally or pursuant to the requirements of any court order in the Litigation.

3. Information designated as "Confidential" pursuant to this Order ("Confidential Information") shall not be made available to any person or entity except as authorized by this Order, and shall be used by the persons or entities to which it is produced solely for the purposes of this Litigation and any attendant appeal. The "Confidential" designation shall be made in good faith by Parties' counsel.

4. "Confidential Information" as used herein shall mean any proprietary, non-public Information designated by a Party (the "Designating Party") as such pursuant to this Order, which the Designating Party would not normally reveal to third parties or would request third parties to maintain in confidence, or Information of a non-party that the Designating Party must or would maintain in confidence the public disclosure of which would cause specific and serious injury to the Designating Party or the third party which provided the document. For purposes of this Order and subject to the Federal Rules of Civil Procedure and to the extent applicable California Constitution and state law, Plaintiffs contend that Confidential Information includes, but is not limited to financial, sensitive personal and/or identification information. Honda contends that such Confidential Information includes, but is not limited to:

      a.      Internal marketing strategies developed at the expense of the Designating Party;

      b.      Organizational charts that disclose the corporate structure of the Designating Party;

      c.      Information related to the internal policies and procedures of the Designating Party, or any of its predecessors, assigns, and present and former employees, agents, representatives, or other persons or entities acting at the direction or otherwise on behalf of the Designating Party;

      d.      Documents related to any testing or protocols designed by, for, or on behalf of the Designating Party in order to evaluate the performance of its products;

      e.      Documents, reports, or data relating to the overall financial condition of the Designating Party, including, but not limited to, pricing tables and sales or profit reports;

      f.      Product development plans or strategies, whether past or present, including, but not limited to, research and development analyses;

      g.      Internal management and/or personnel procedures relating to budgeting, marketing, sales, profit and loss projections, and matters of accounting;

      h.      Work orders, designs, or other documents relating to the Designating Party's manufacturing process;

      i.      Labor reports that might reflect on the Designating Party's pricing and manufacturing capabilities;

      j.      Documents that describe the design, structure and/or operation of a Designating Party's product at issue in this Action, including schematic diagrams, manufacturing drawings, engineering drawings, engineering change orders, engineering notebooks, specifications, research notes and materials and other technical descriptions and/or depictions;

      k.      Information obtained from a non-party pursuant to a non-disclosure agreement;

      l.      Agreements with any non-party, including Original Equipment Manufacturers, supplies, distributors, and customers;

      m.      Any other information or documents, the disclosure of which the Designating Party can demonstrated would cause a clearly defined and serious injury.

      n.      Customer information, including name, address and other information reflection in records of the Designating Party.

5. Each party contends that documents within each category of information described above, which he/she/it produces, contains highly proprietary information, and protection of this information as Confidential is essential to the competitive positions or privacy interests of the parties.

6. Protection by way of a court order is appropriate to ensure a prompt mechanism to extract any designated documents from public disclosure, whether inadvertent or otherwise.

7. Any information not designated as "Confidential" in accordance with the procedures set forth herein shall not be covered by this Order.

8. A Designating Party shall designate Confidential Information as follows:

      a.      Documents, including those produced electronically, will be designated as Confidential Information when marked with the word "Confidential" on its face, as well as on each page that contains Confidential Information.

      b.      Magnetic or optical media (such as a floppy disk, CD-ROM, or tape) will be designated as Confidential Information when marked or labeled with the word "Confidential." If only a portion of the material contained on such a medium is confidential, the Designating Party shall clearly specify those portions. If any person or entity who receives such a designated medium prints or otherwise transfers to another medium any of the Confidential Information, any resulting document or other medium shall be marked as Confidential Information.

   c. Physical exhibits will be designated as Confidential Information when a "Confidential" label is affixed.

   d. Discovery responses that require disclosure of Confidential Information will be appended as an exhibit to the discovery response, with the exhibit marked as "Confidential."

   e. In the event that deposition testimony contains any Confidential Information, the parties may designate such portion of deposition as "Confidential" by advising the court reporter and/or videographer on the record at the time such testimony is given or within fifteen (15) days after the receipt of the transcript of the deposition by notifying all parties and the court reporter in writing of the page and line numbers of the testimony deemed "Confidential."  Any testimony reading from or directly referencing confidential documents is automatically deemed to be confidential, including any confidential documents used as exhibits.  Nothing in this Order shall prevent any employee of a Party or any outside counsel for the Parties in this Litigation and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in this Litigation (collectively "Outside Litigation Counsel") from attending any deposition, except that only persons entitled to receive Confidential Information shall be present when such Information is disclosed at a deposition.  Counsel for the Party disclosing such "Confidential Information" at a deposition shall, before such Information is disclosed, advise counsel for all other Parties so that appropriate safeguards can be taken to ensure that only persons entitled to receive such Information pursuant to the terms of this Order are present when such Information is disclosed.

  9. Non-parties from whom discovery is sought by the Parties to this Order may designate Information as "Confidential" consistent with the terms of this Order, provided that such non-parties agree in writing to be bound by the Order by executing the *Declaration and Agreement to be Bound* (the "Declaration") attached hereto as Exhibit A.  Under such circumstances, all duties applicable to a Designating Party

shall apply to the non-party.  All obligations applicable to Parties receiving such Information shall apply to any Party receiving Information from the non-party.

10. Each person designating or receiving Confidential Information pursuant to this Order and executing a copy of the Declaration hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Order.

11. The Parties shall retain each originally-executed Declaration until one year after the conclusion of this Litigation, inclusive of any appeals.

12. Each person who receives any Confidential Information shall exercise due and proper care in connection with the storage, custody, use, and dissemination of such material, to avoid any inadvertent use by or disclosure to persons to whom disclosure is not permitted under this Order.

13. In the event that a Party produces two or more identical or substantially identical copies of a document or other Information, and any copy is designated "Confidential" while other copies are not so designated, all such identical or substantially identical documents or other Information shall be treated as Confidential once the inconsistent designation is known.  The Designating Party shall be responsible for informing the Party receiving the inconsistently designated document or other Information of the inconsistent designation.

14. If a Party inadvertently fails to designate Information as "Confidential" at the time of production, the Party shall inform the Party or Parties that received the Information and shall provide substitute copies of each item, appropriately marked as Confidential Information.  Within five (5) days of receipt of the substitute copies, the receiving Party or Parties shall return or destroy the previously unmarked, or incorrectly marked, items and all copies of such items.

15. For purposes of counting the number of days pursuant to any provision of this order, days shall mean business days.

16. Any Party (the "Challenging Party") may challenge the designation of Confidential Information as follows:

    a. If a Challenging Party believes that Information designated as "Confidential" has not been properly designated under the terms of this Order, the Challenging Party may, within 120days of having received the Information, provide to the other Parties written notice of the disagreement. A Party is not obligated to challenge the propriety of a "Confidential" designation at the time such designation is made. The Challenging Party and the other Parties shall then attempt in good faith to resolve the dispute informally.

    b. Should the Challenging Party and the other Parties be unable to resolve their dispute informally, Designating Party who bears the burden for such a motion may request appropriate relief by Motion with the Court by following the procedures set forth in Eastern District Local Rule 251 for resolving the dispute. The Party seeking the "Confidential" designation bears the burden to establish that the contested material is entitled to protection under Fed. R. Civ. P. 26(c). The Information involved shall be treated as Confidential Information during the pendency of the challenge.

17. If Confidential Information is used in any pretrial proceeding in this Litigation (including, but not limited to, conferences, oral arguments, and hearings), the Confidential Information shall not lose its status as Confidential Information through such use. The Designating Party shall take all steps reasonably necessary to protect the confidentiality of the Confidential Information during any such use, including requesting that persons not authorized to view or hear the Confidential Information leave the proceeding during its use or during any discussion involving the Confidential Information.

18. If any Confidential Information is disclosed to any person to whom such disclosure is not authorized by this Order, or other than in the manner set forth in this

7
STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER

Order or by the Court, the Party responsible for the improper disclosure shall immediately:

      a.    Inform the Parties of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the Party responsible for the improper disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made);

      b.    Take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information; and

      c.    Require each unauthorized person to return all Confidential Information that was improperly disclosed to that person, all copies made of the improperly disclosed Confidential Information, and all documents containing excerpts from or reference to the improperly disclosed Confidential Information.

19. The Parties reserve the right to seek relief from the Court for any disclosure of Confidential Information where such disclosure is not pursuant to the terms of this Order and/or where Confidential Information is to be used at trial.

20. Disclosure by any Party of undesignated Confidential Information prior to notice by any Party of the confidential nature thereof shall not be deemed a violation of this Order.

21. Any Party reserves the right to request that the Court modify the terms of this Order in the event that a Party believes that a modification is necessary. This includes the right to request that the Court further restricts access to certain Confidential Information that a Party deems highly sensitive in a manner beyond what is provided for by this Order. If an application is made requesting modification of the terms of this Order, all signatories of copies of the Declaration, as well as persons described herein, shall remain bound by this Order unless and until it is modified by the Court.

22. Nothing herein shall impose any restriction on the use or disclosure by a Party of its own Information. Nor shall this Order be construed to prevent any Party

or its counsel from making use as they see fit of Information that was lawfully available to the public, lawfully in the possession of the Party or its counsel, or properly came into the possession of the Party or its counsel independent of any disclosure of Confidential Information in this Litigation, or that was obtained from a non-party in the course of this Litigation and was not designated as "Confidential" by that non-party.

23. This Order shall be binding on any future Party to this Litigation.

24. ~~The Court shall retain jurisdiction to enforce the terms of this Order.~~ This Order may be modified or amended by further order of the Court.

25. Nothing in this Order is intended to constitute an agreement regarding the scope of discovery.

26. Nothing in this Order is intended to affect the admissibility of any document, material or information at any trial or hearing; any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

27. Compliance with this Order in no way constitutes an admission by any person or entity that any Information is or is not proprietary, confidential, or a trade secret.

28. This Order provides for the limitation of access to Confidential Information and the disposition of Confidential Information following the conclusion of the Litigation as follows:

    a. Confidential Information may be disclosed to the following persons only:

        1. The Court, court personnel, court reporters, jurors, mediators, videographers, and arbitrators;

        2. The Parties' in-house counsel, including necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel;

   3. Outside counsel for the Parties to this Litigation, including necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel;

   4. Employees of the Parties who are actively involved in this Litigation or who are otherwise necessary to aid counsel in this Litigation, provided that any employee first executes the Declaration before receiving any Information designated as "Confidential";

   5. Experts, including any consulting or prospective experts, performing services in connection with the prosecution or defense of this Litigation, together with their clerical or support personnel, provided that each individual first executes a copy of the Declaration before receiving any Confidential Information;

   6. Any person identified as having authored or previously received the particular Confidential Information disclosed;

   7. Any person being interviewed by a Party who already possessed knowledge of the Confidential Information before being contacted by the Party, provided that the individual first executes the DeclarationDeposition or trial witnesses who appear, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "Confidential" or the specific events, transactions, discussions, or data reflected in the document, provided that any such witness first executes the Declaration before receiving any Confidential Information.  Confidential Information may be used only for the purposes of preparing such witnesses for giving testimony, and examining or cross-examining such witnesses during a deposition or trial. Such witnesses will not be permitted to retain any Confidential Information unless otherwise authorized by this Order;

   8. Outside non-expert consultants, including data processing vendors and mock jurors, provided that each consultant executes a copy of the Declaration before receiving any Confidential Information.  Outside consultants shall

1  not be permitted to retain any Confidential Information unless otherwise authorized
2  by this Order; and

3              9.   Any person agreed to in writing by the Parties or as ordered
4  by the Court.

5         b.   Nothing in this Order shall limit any Party's ability to request that
6  the Court allow disclosure of any Confidential Information designated as such to a
7  person not otherwise authorized to access such material under this Order.

8         c.   All provisions of this Order restricting the use of Confidential
9  Information shall remain binding until the conclusion of this Litigation, including
10 appeal, unless otherwise agreed in writing by all the Parties or ordered by the Court.

11   29.  Unless expressly authorized by statute or federal rule, or the Judicial
12 Conference of the United States, Confidential Information that will be filed with the
13 Court cannot be filed under seal without prior approval by the Court.  The parties
14 shall follow the procedures set forth in Local Rule 141.

15   30.  The proceeding provisions are subject to the Court's limited jurisdiction
16 as prescribed in Eastern District Local Rule 141.1(f).

17   **SO STIPULATED.**

19 Dated: May 25, 2012            CADDELL & CHAPMAN

21                               By:         /s/
                                     Cory S. Fein
22                                   Attorneys for Plaintiffs
                                     Stacie Zakskorn; Jessica Melgoza; and
23                                   Rachelle Schreiber

24 Dated: May 25, 2012            BURSOR AND FISHER, PA

26                               By:         /s/
                                     L. Timothy Fisher
27                                   Attorneys for Plaintiff
                                     Javier Hidalgo (in related case)

Dated: May 25, 2012                                DYKEMA GOSSETT LLP

By:           /s/
John M. Thomas
Brian H. Newman
Ashley R. Fickel
Attorneys for Defendants
AMERICAN HONDA MOTOR CO., INC.

## ORDER

The parties' Stipulation and Protective Order filed in the matter of <u>Zakskorn et al. v. American Honda Motor Co. et al.</u>, 2:11-cv-02610 KJM KJN (Dkt. No. 31) is HEREBY APPROVED, except as stated below.

First, the parties' Stipulation and Protective Order shall have no effect in the related case, <u>Hidalgo v. American Honda Motor Co. et al.</u>, 2:11-cv-03210 KJM KJN (E.D. Cal.), because the parties only filed the proposed Stipulation and Protective Order in the <u>Zakskorn</u> matter. The two subject cases are related but not consolidated (<u>see</u> Related Case Order at 2, Dkt. No. 20), and, therefore, the approval of the proposed Stipulation and Protective Order in one case does not automatically make it effective in the related case.

Second, in regards to paragraph 17 of the Stipulation and Protective Order, the parties shall not ultimately control the removal of persons from, or the closing of, an otherwise open and public courtroom with a view toward preserving the confidentiality of information subject to the Stipulation and Protective Order. The parties shall make any request to close a public courtroom no later than seven days prior to the court proceeding in question, citing legal authority justifying such closure.

Third, paragraph 24, addressing this court's retention of jurisdiction in relation to the Stipulation and Protective Order is stricken, as reflected above, because paragraph 24 conflicts with this court's Local Rule 141.1(f) and paragraphs 28(c) and

1  30 of the Stipulation and Protective Order.  The court shall not retain jurisdiction over
2  enforcement of the terms of the Stipulation and Protective Order after closure of this
3  case and any appeal.[1]

4      Finally, the court notes the presence of an apparent typographical error in
5  paragraph 28(a)(7) of the Stipulation and Protective Order; the phrase
6  "DeclarationDeposition" appears where the parties apparently intended to use the
7  word "Declaration."

8  **IT IS SO ORDERED**
9  ATED:**Date:  5/29/2012**

11      KENDALL J. NEWMAN
12      UNITED STATES MAGISTRATE JUDGE

---

[1] Because the court does not retain jurisdiction over the Stipulation and Protective Order following the closure of this case, the provisions in paragraph 28, addressing the "limitation of access to Confidential Information and the disposition of Confidential Information following the conclusion of the Litigation," largely constitutes a private agreement of the parties.

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIE ZAKSKORN, JESSICA MELGOZA, AND RACHELLE SCHREIBER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC.; HONDA NORTH AMERICA, INC.; AND HONDA MOTOR COMPANY, LTD.<br><br>Defendants.<br><br>AND RELATED CASE | Case No. 11-CV-02610-KJM-KJN<br><br>Related Case:  CIV S-11-3120 KJM-KJN<br><br>**PROPOSED JOINT PROTECTIVE ORDER** |

## DECLARATION AND AGREEMENT TO BE BOUND

I, _____

declare and state under penalty of perjury that:

1. My present residential address is: _____
_____
_____.

2. My present employer is: _____
_____.

3. The address of my present employer is: _____
_____.

4. My present occupation or job description is: _____
_____
_____.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

5. I have received and carefully reviewed the Protective Order dated \_\_\_\_\_ _____ and understand its provisions. Specifically, I understand that I am obligated, by order of the Court, to hold in confidence and not disclose the contents of anything marked CONFIDENTIAL to anyone other than the persons permitted by paragraph 28 of the Protective Order. I further understand that I am not to disclose to anyone other than the persons permitted by paragraph 28 of the Protective Order any words, substances, summaries, abstracts or indices of any CONFIDENTIAL INFORMATION disclosed to me. I will use CONFIDENTIAL INFORMATION solely for purposes relating to the above-captioned litigation. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

6. At the termination of this action or at any time requested by counsel, I will return to counsel for the Party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting CONFIDENTIAL INFORMATION that have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

7. I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to the sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing Party.

8. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on _____     _____
                                                                                        Declarant's Signature