UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIE ZAKSKORN, et al., | No. 2:11-CV-02610-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| AMERICAN HONDA MOTOR CO., INC., et al., | |
| Defendants. | |

Plaintiffs Stacie Zakskorn, Rachelle Schreiber and Javier Hidalgo renew their motion to appoint class counsel. Supp. Mot. Appointment Class Counsel ("Mot.") at 1, ECF No. 64. Defendants do not oppose the motion, and the court decides the motion without argument. For the reasons below, the motion is GRANTED.

I.     BACKGROUND

Plaintiffs allege the braking system installed in Honda Civic automobiles manufactured between 2008 and 2011[1] "suffers from one or more design and/or manufacturing defects that causes the . . . front brake pads to wear out prematurely[] and require replacement

---

[1] The *Zakskorn* complaint alleges defects in model-year 2008 to 2010 Civic automobiles, while the *Hidalgo* complaint alleges defects in model-year 2008 to 2011 Civic automobiles. The proposed settlement includes model-year 2006 to 2011 Civic automobiles.

1

1  approximately every 7,500 to 15,000 miles, far more frequently than in a properly functioning
2  braking system . . . ." First Am. Compl. ¶ 1, ECF No. 29. Despite being aware of this defect,
3  plaintiffs continue, American Honda Motor ( "AHM") did not inform purchasers or lessees of
4  the defect or repair the defect under warranty. *Id.* ¶¶ 1–2.

5        Plaintiffs Zakskorn and Schreiber filed a putative class-action suit against AHM
6  on October 4, 2011. Compl. at 35, ECF No. 1. Plaintiff Hidalgo filed a separate action, also on
7  behalf of a putative class, on November 22, 2011. The court subsequently deemed the actions
8  related, Feb. 14, 2012 Order at 1–2, ECF No. 20, and consolidated the cases, May 2, 2014
9  Order at 2, ECF No. 63. On plaintiffs' motion, the court granted preliminary approval of a
10 proposed class settlement but, finding five firms unjustified based on the record before it,
11 denied without prejudice appointment of class counsel. *Id.* at 14.

12 II.      STANDARD

13       In appointing class counsel, the court must ensure that counsel is able to "fairly
14 and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(4). In so doing, the
15 court considers:

> (i)    the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)  counsel's knowledge of the applicable law; and
>
> (iv)  the resources that counsel will commit to representing the class . . . .

22 *Id.* 23(g)(1)(A)(i)–(iv). Additionally, the court may "consider any other matter pertinent to
23 counsel's ability to fairly and adequately represent the interests of the class," "order potential
24 class counsel to provide information on any subject pertinent to the appointment" and "include
25 in the appointing order provisions about the award of attorney's fees or nontaxable costs . . . ."
26 *Id.* 23(g)(1)(B)–(D).
27 /////
28 /////

"In the absence of agreement between all involved counsel, the Court must itself endeavor to select counsel best able to represent the interests of the purported class." *Four in One, Inc. v. S.K. Foods, Inc.*, 2009 WL 747160, at *2 (E.D. Cal. Mar. 20, 2009) (citing FED. R. CIV. P. 23(g)(2)). "This decision should . . . be made using . . . [information on any subject pertinent to appointment] . . . , but . . . the court is to go beyond scrutinizing the adequacy of counsel and make a comparison of the strengths of the various applicants." FED. R. CIV. P. 23(g)(2) advisory committee's note (2003). "Even [where] . . . a uniform consensus as to representation has been reached . . . , the Court must still . . . review[] the agreement to ensure that the proposed representation adequately serve[s] class interests." *Four in One, Inc.*, 2009 WL 747160, at *2 n.3.

III.     ANALYSIS

Plaintiffs renew their motion to the court to appoint as class counsel: (1) Caddell & Chapman, (2) Strategic Legal Practice, APC ("SLP"), (3) the Law Office of Robert L. Starr, (4) Mazie Slater Katz & Freeman, LLC and (5) Bursor & Fisher, PA. Mot. at 1–2. In explaining how they "came to propose designation of five firms as class counsel," plaintiffs describe "the background of the case[, which] provides valuable context." *Id.* at 1.

In October 2011, Caddell & Chapman filed a complaint on behalf of plaintiffs Zakskorn and Schreiber, while in November 2011, Bursor & Fisher separately filed a complaint on behalf of plaintiff Hidalgo. *Id.* After becoming aware of the respective actions, "counsel in both cases agreed to proceed cooperatively rather than pursue competing cases." *Id.* In April 2012, SLP, "who had filed a similar case involving the same Honda defect and dismissed the case in order to work with Caddell & Chapman in the interest of efficiency," also associated as co-counsel. *Id.* At the time of that association, Starr and Mazie Slater Katz & Freeman were already working with SLP as co-counsel on the third case. *Id.*

Having already found each of the firms "capable of adequately representing the class," May 2, 2014 Order at 14, the court does not revisit adequacy and considers only whether "the proposed representation adequately serve[s] class interests," *Four in One, Inc.*, 2009 WL 747160, at *2 n.3. Appointing multiple firms runs the risk of "engender[ing]

3

duplication of effort not in the best interest of either a focused or efficient class representation." *Id.* However, counsels here have agreed to work cooperatively, and each has been involved with the case for a substantial period of time.  Mot. at 1–2.

> Further, the instant settlement agreement includes the following terms:
>
> 1.7 "Class Counsel Fees and Expenses" means the amount approved by the Court pursuant to paragraph 12 for payment to Class Counsel as attorneys' fees, costs and litigation expenses, or $850,000, whichever is less.
>
> . . . .
>
> 12.2 Class counsel may apply to the Court for an award of reasonably attorneys' fees and expenses, not to exceed the total sum of $850,000.  AHM will not oppose Class Counsel's application for attorneys' fees and expenses not exceeding the total combined sum of $850,000.  AHM agreed not to oppose this amount after an arms-length adversarial negotiation with Class Counsel, in a mediation session presided over by an experienced neutral mediator, which occurred after all other terms of the Settlement were agreed.
>
> . . . .
>
> 12.5 Class Counsel Fees and Expenses shall be in addition to the benefits provided directly to the Settlement Class, and shall have no effect on the benefits made available to the Settlement Class.

Caddell Decl. Ex. 1 ¶¶ 1.7, 12.2, 12.5, ECF No. 55-2.  The payment of fees and costs thus does not bear on "the benefits made available to the Settlement Class," *id.* ¶ 12.5, and AHM has agreed to pay a sum certain, at maximum, regardless of the number of firms involved, *see id.* ¶¶ 1.7, 12.2.  Accordingly, and in light of the more developed record, the court finds the proposed class counsel to "fairly and adequately represent the interests of the class."  FED. R. CIV. P. 23(g)(4).

IV.         CONCLUSION

As set forth above, the motion is GRANTED.  The court appoints as class counsel: (1) Caddell & Chapman, (2) Strategic Legal Practice, APC, (3) the Law Office of

/////

/////

1  Robert L. Starr, (4) Mazie Slater Katz & Freeman, LLC and (5) Bursor & Fisher, PA.  Caddell
2  & Chapman is designated liaison counsel.
3        IT IS SO ORDERED.
4  DATED:  July 2, 2014.

                            UNITED STATES DISTRICT JUDGE