Michael A. Caddell (State Bar No. 249469)
mac@caddellchapman.com
Cynthia B. Chapman (State Bar No. 164471)
cbc@caddellchapman.com
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston TX 77010-3027
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Payam Shahian (SBN 228406)
Pshahian@slpattorney.com
STRATEGIC LEGAL PRACTICES, APC
1875 Century Park East, Suite 700
Los Angeles CA 90067
Telephone: (310) 277-1040
Facsimile: (310) 943-3838

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIE ZAKSKORN, *et al.*, *on behalf of themselves and all others similarly situated*, <br><br>    *Plaintiffs*, <br><br>    *v.* <br><br> AMERICAN HONDA MOTOR CO., INC., <br><br>    *Defendant*. | Case No. 11-CV-02610-KJM-KJN <br><br> **[PROPOSED] FINAL ORDER AND JUDGMENT** <br><br><br> Date:  February 27, 2015 <br> Time:  10:00 a.m. <br> Judge: The Hon. Kimberly J. Mueller |

The Settlement Agreement and Release entered into on December 13, 2013 (the "Settlement Agreement") between Plaintiffs and Defendant in the above-captioned class action (the "Action") was presented at the Fairness Hearing on February 27, 2015, pursuant to the Preliminary Approval Order entered on May 2, 2014. The Court has determined that notice of the Fairness Hearing was given in accordance with the Court's Order dated July 10, 2014 (Dkt. 68), to members of the Settlement Class, and that the notice was adequate. Accordingly, the Court orders as follows:

1. This Judgment incorporates by reference the definitions in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all members of the Settlement Class.

3. The Notice has been disseminated to the Settlement Class in the manner directed by the Court's Order, (Dkt. 68), and a declaration from Ruby Carlton attesting to the proof of the mailing of the Notice to the Settlement Class has been filed with the Court. The Court finds that the Notice fairly and accurately informed Settlement Class Members of the material aspects of this Action and the proposed settlement and constituted adequate notice. The Notice apprised Class Members of the pendency of this Action, their right to object or exclude themselves from the proposed settlement, and their right to appear at the Fairness Hearing, and it conformed with the requirements of Federal Rule of Civil Procedure 23(c)(2).

4. This Court approves the terms of the Settlement Agreement as fair, reasonable, and adequate and in the best interests of the Settlement Class. In arriving at this conclusion, the Court has considered, among other things:

    a. The strength of the Class Members' case;
    b. The risk, expense, complexity, and likely duration of further litigation;
    c. The risk of maintaining class action status throughout the trial;
    d. The amount offered in Settlement;
    e. The extent of discovery completed and the stage of the proceedings;
    f. The experience and views of counsel;

CASE NO. 11-CV-02610-KJM-KJN      – 1 –
[PROPOSED] FINAL ORDER AND JUDGMENT

       g.      The presence of a government participant; and

       h.      The reaction of the Class Members to the proposed Settlement.

*See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

5. Regarding the first and fourth factors, the Court finds that the Settlement will result in a recovery that is fair in light of the likely outcome of the litigation.

6. Regarding the second factor, the Court finds that continued litigation would be complex, lengthy, and expensive. Continued litigation efforts accordingly would be exceedingly expensive for the parties and counsel.

7. Regarding the seventh and eighth factors, the Court finds that reaction to the Settlement from Class Members has been positive, with only an extremely small number of Class Members objecting or opting out of the Settlement, and no governmental officials responding to the 28 U.S.C. § 1715(b) notice with any objections.

8. Regarding the sixth factor, the Court finds that Plaintiffs' counsel, who support the Settlement, are competent, experienced, and well-versed in class-action litigation.

9. Regarding the fifth factor, the Court finds that the parties to this case have engaged in significant adversarial discovery and that this Settlement is based on a well-developed record.

10. The Court further finds that the Settlement is the product of arm's length negotiations presided over by a competent mediator.

11. The Court dismisses with prejudice all claims belonging to the Representative Plaintiffs and Settlement Class Members who did not timely and validly request exclusion from the Settlement Class. Except as expressly provided in the Settlement Agreement, each of the Parties, including each Settlement Class Member, shall bear his, her, or its own costs and attorneys' fees.

12. Pursuant to Paragraph 7.1 of the Settlement Agreement, upon the Effective Date the Representative Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, discharged, and covenanted not to sue American Honda Motor Co., Inc.; all of its parents, subsidiaries and affiliates, including but not limited to Honda Motor Co., Ltd., Honda R&D Co., Ltd., Honda

R&D Americas, Inc., Honda of America Mfg., Inc., Honda of Canada Mfg., and Honda Manufacturing of Indiana, LLC, and each of their respective parent companies, subsidiaries, affiliated companies, divisions and suppliers; all Authorized Honda Dealers and distributors; and the past, present and future officers, directors, shareholders, employees, affiliates, parents, subsidiaries, agents, attorneys, suppliers, vendors, predecessors, successors, insurers, trustees, representatives, heirs, executors, and assigns of all of the foregoing, from any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, matured or unmatured, contingent or non-contingent, asserted or unasserted, or based upon any theory of law or equity now existing or coming into existence in the future, including but not limited to conduct that is negligent, fraudulent, intentional, sounds in warranty either implied or express, contract or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts, arising out of or related in any way to alleged issues relating to brakes in the Settlement Class Vehicles or the premature, uneven, or irregular wear of brakes on the Settlement Class Vehicles; provided, however, that the Released Claims do not include claims for death, personal injury, or collision.  The Released Claims include claims that a Settlement Class Member does not know to exist as of the Effective Date, which if known might have affected the Settlement Class Member's decision not to object to the settlement, or not to seek exclusion from the Settlement Class. Upon the Effective Date all Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, expressly waived the rights and benefits of any provision of the laws of the United States or of any state or territory which provides that a general release does not extend to claims which a party does not know or suspect to exist at the time of agreeing to the release, which if known to the party may have materially affected the decision to provide the release.

13. The Representative Plaintiffs and all Settlement Class Members are enjoined from commencing, prosecuting, instituting, continuing, or in any way participating in the commencement or prosecution of any suit asserting any of the Released Claims against any of the Released Persons. This injunction does not affect the rights of any state or federal agency to take

any regulatory action it sees fit or preclude Plaintiffs and Settlement Class Members from cooperating or participating in such an action.

14. The Settlement Agreement and any related negotiations, statements, or proceedings shall not be construed or deemed evidence of an admission by any of the Released Persons or any other person of any fault, liability, or wrongdoing as to any facts or claims asserted in the Action, or that any person has suffered any damage attributable in any manner to any of the Released Persons. The existence of the Settlement Agreement, its contents, and any related negotiations, statements, or proceedings shall not be offered or admitted into evidence or otherwise used by any person for any purpose in the Action or otherwise, except as may be necessary to enforce the settlement. Notwithstanding the foregoing, any of the Released Persons may file the Settlement Agreement or any judgment or order of the Court related to it in any other action that may be brought against them, to support any defenses based on res judicata, collateral estoppel, release, or any other theory of claim preclusion or issue preclusion.

15. The Court approves attorneys' fees to Class Counsel in the amount of $808,254.51. The Court further approves expenses to Class Counsel in the amount of $41,745.49, for a total of $850,000 in fees and expenses. Within 30 days after the Effective Date, or within 30 days after the date when all appeals with respect to Class Counsel fees and expenses have been fully resolved, whichever occurs later, Honda shall pay these amounts to Caddell & Chapman to be distributed to Class Counsel.

16. The Court awards a service award of $2,500 each to the Representative Plaintiffs, $7,500 in total, and directs Honda to pay this amount to the Representative Plaintiffs through Class Counsel.

17. The Court finds that these amounts are reasonable in light of the Representative Plaintiffs' contributions to the litigation.

18. If the settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be void as provided in the Settlement Agreement.

19. All Settlement Class Members who failed to file with the Court a timely and valid objection to the Settlement Agreement are deemed to have waived any objections and are bound by all terms of the Settlement Agreement, including the release and this Final Order and Judgment.

20. Of the persons who filed with the Court objections or letters commenting on the Settlement, the Court finds that DeLacy D. Fletcher and Frederick R. Fletcher did not fulfill the Court-approved Notice requirements to assert objections, which requirements are necessary for the Court to evaluate the credibility of the stated objection. While the Court considered all points raised by anyone who filed an objection to the Settlement, DeLacy D. Fletcher and Frederick R. Fletcher are foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

21. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the parties, including all members of the Settlement Class as defined above, and the execution, consummation, administration, and enforcement of the terms of the Settlement Agreement.

22. The Parties to the Settlement Agreement are directed to consummate the settlement in accordance with the Settlement Agreement, and the Clerk of this Court is directed to enter this Order and Final Judgment.

SIGNED at Sacramento, California, this _____ day of _____, 2015

KIMBERLY J. MUELLER
UNITED STATES DISTRICT JUDGE